[No. 9066.  Department Two.  April 10, 1911.]

SEATTLE TURNING AND SCROLL WORKS, *Plaintiff*, v. GUST ECKLOFF, *Respondent*, W. R. COLBY, JUNIOR, *et al.*, *Appellants.*[1]

APPEAL AND ERROR—REVIEW—ESTOPPEL TO ALLEGE ERROR. Defendant owners, in an action to foreclose a mechanics' lien, cannot allege error in failure to sustain a demurrer to the cross-complaint of the defendant contractor as premature, where the defect was not disclosed on the face of the cross-complaint, the contractor was properly made a party and compelled to answer, and the plaintiffs joined issue thereon seeking affirmative relief against the contractor, and went to trial on the merits.

APPEAL AND ERROR—REVIEW—FINDINGS—CONCLUSIVENESS. Error cannot be urged in failing to allow defendant's entire cross-claim for damages for delay, where the same was put in issue, the evidence was not all brought up on appeal, the statement of facts recites that evidence was introduced tending to support the findings of fact made by the court, and the court found that the cross-claim for damages was not proven except as to the items allowed.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered May 6, 1910, upon findings in favor of a defendant lien claimant, after a trial on the merits before the court without a jury, in an action to foreclose a materialman's lien. Affirmed.

*E. P. Whiting*, for appellants.
*Israel Nelson* and *Robert C. Saunders*, for respondent.

CROW, J.—This action was commenced by Seattle Turning and Scroll Works, a corporation, against Gust Eckloff,

[1]Reported in 114 Pac. 893.

W. R. Colby, Jr., and Alice R. Colby, his wife, to foreclose a materialman's lien. · The defendant Gust Eckloff, who, under a written contract with the defendants Colby and wife, the owners, had constructed the building upon which the lien was claimed, filed his answer and cross-complaint. By the answer he admitted all allegations of the complaint except the alleged value of attorney's fees claimed, and by the cross-complaint he pleaded his building contract with the owners, Colby and wife, his codefendants, and sought to foreclose a lien on the same property of the defendants Colby and wife, for the amount remaining due on his contract, and for extras. The demurrer of the defendants Colby and wife to this cross-complaint was overruled, and they answered, admitting the building contract, the payments made by them, the balance due on the contract price, denying the claim for extras, and affirmatively pleading damages which they claimed to have sustained by reason of Eckloff's failure to complete the building within the time in his contract stipulated. The plaintiff, for some reason, possibly upon settlement of its claim by the contractor, seems to have dropped out of the cause without any formal order of dismissal. In any event, the action was tried upon the issues between the defendant Gust Eckloff, as contractor, and the defendants Colby and wife, as owners. The trial court made findings, upon which a decree of foreclosure was entered in favor of the defendant Gust Eckloff. The defendants Colby and wife have appealed.

Appellants first insist that the trial judge erred in overruling their demurrer to the cross-complaint of the respondent Eckloff, and in refusing to dismiss his cross-complaint. They argue that respondent's right of action had not matured when his pleading was filed, and that as far as he was concerned the action was prematurely commenced. No facts sufficient to sustain this contention appear on the face of the cross-complaint, as from its allegations it would appear that the cause of action had matured. There is no evidence before us sufficient to show that respondent's foreclosure was pre-

maturely commenced. Respondent was brought into court by the plaintiff, as a proper party defendant in the foreclosure of its alleged lien, and he was compelled to answer. Issues were thereafter framed between him and appellants, who in their answer sought affirmative relief. Thereafter appellants participated in a trial on the merits, urging their claim for damages. They are now in no position to ask that the cross-complaint of the respondent shall be dismissed as premature.

There is but one controlling question raised on this appeal, and that is whether the appellants are entitled to recover all damages pleaded by them. Only a portion of the amount which they claimed was allowed by the trial judge. The statement of facts discloses a stipulation, to the effect that it contains all evidence introduced on the trial material to the appeal, but the only evidence certified was introduced by the appellants and consisted of certain exhibits and brief testimony of W. R. Colby, Jr., and one other witness. Immediately preceding the evidence of these witnesses, the statement of facts notes the appearances, and then makes the following recital:

"The defendant and cross-complainant Eckloff thereupon introduced evidence tending to support the findings of fact made by the court."

No other or further proceedings are shown. In view of this statement, certified by the trial judge, we fail to understand how we can question the findings made, or the final judgment which they undoubtedly support. Appellants' claims for damages are predicated on a certain stipulation in respondent's building contract, which refers to a written contract between appellants and the Interlaken Land Company, a corporation, for the purchase of certain lots by appellants, and which also refers to a certain mortgage executed and delivered to the Interlaken Land Company by appellant on one of the lots. The building was erected on one of the lots purchased, but not upon the one mortgaged. Appellants claim that, under the terms of the mortgage and the written contract existing

between themselves and the Interlaken Land Company, they were to become liable to the land company for stipulated damages, if the building was not completed by a day certain, that such damages were to become payable on certain conditions therein named, and that respondent's delay had caused appellants to become liable for damages to the land company. In his cross-complaint respondent alleged facts which, if true, would impose all, or at least a portion, of the responsibility for the delay upon appellants, and would tend to excuse him. It thus appears that the delay and its true cause were the subject-matter of issues raised by the pleadings. These issues were heard and determined by the trial judge, who affirmatively found that appellants were only entitled to $165 as damages for delay, which he allowed in fixing the amount of the final judgment. The trial judge further found:

"That the allegations contained in the answer of defendants W. R. Colby, Jr., and Jane Doe Colby, his wife, to the cross-complainant Gust Eckloff are not proven except as to the items hereinbefore set off and allowed to said defendants Colby and wife."

In view of these findings and the certified statement that evidence not before us was introduced tending to sustain them, we cannot enter upon a consideration of the issue as to what additional damages, if any, should be allowed appellant for respondent's alleged delay. Without entering upon a detailed discussion of evidence now before us, upon which appellant relies, we will nevertheless state that, having examined the entire record, we could in no event reach the conclusion that it is sufficient to justify any larger award of damages to appellants than the trial judge has already made.

The judgment is affirmed.

Dunbar, C. J., Chadwick, and Morris, JJ., concur.